EXHIBIT A

Filed
D.C. Superior Court
06/01/2022 15:45PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| GMO FREE USA | : | |
| | : | |
| v. | : | Case No. 2021 CA 004786 B |
| | : | |
| COVER GIRL COSMETICS, *et al.* | : | |

ORDER

The Court grants the motion to dismiss of Coty, Inc. and Noxell Corporation, the only defendants named in the first amended complaint ("FAC") of plaintiff GMO Free USA, d/b/a Toxin Free USA ("TFUSA"). The Court also grants defendants' motion for judicial notice of certain documents.

I.   BACKGROUND

TFUSA is a nonprofit, public interest organization dedicated to consumer protection and education. TFUSA alleges that it tested one of defendants' products (CoverGirl TruBlend Mineral Pressed Powder) for organic fluorine, fluorine is an indicator that a product contains per- and polyfluoroalkyl substances ("PFAS"), and PFAS chemicals are damaging to human health and to the environment. *Id.* ¶¶ 31-35, 37-39. TFUSA alleges that defendants violated the D.C. Consumer Protection Procedures Act ("CPPA") by misrepresenting the safety and sustainability of this product.

Under a briefing schedule approved by the Court, Coty and Noxell filed a motion to dismiss ("Motion"), TFUSA filed an opposition ("Opp."), and defendants filed a reply ("Reply").

Defendants also filed a related motion for judicial notice. TFUSA did not file an opposition.

1

II.     **MOTION FOR JUDICIAL NOTICE**

Defendants ask the Court to take judicial notice of four documents relating to their motion to dismiss: (1) an EPA publication indicating, among other things, that there are thousands of different PFAS with potentially varying health and environmental effects (Ex. A); (2) a webpage of an organization cited by TFUSA in the FAC (the Environmental Working Group) indicating that PTFE is not toxic or environmentally unsafe (Ex. B); (3) the product and label for CoverGirl TruBlend Mineral Pressed Powder disclosing PTFE as an ingredient (Ex. C); and (4) an excerpt of the CTFA International Cosmetic Ingredient Dictionary that includes PTFE (Ex. D). TFUSA did not respond in the time allowed by Rule 12-I(e).

The Court exercises its discretion to treat the motion as conceded. Conceded substantive motions may generally be granted "where the movant has established a prima facie entitlement to relief." *See District of Columbia v. Davis*, 811 A.2d 800, 804 (D.C. 2002). The Court treats the motion for judicial notice as a substantive motion, and defendants have established a prima facie entitlement to the relief that they seek, demonstrating that no exhibit is "subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," or that they are "matters of public record." *See Christopher v. Aguigui*, 841 A.2d 310, 311 n.2 (D.C. 2003) (quoting Fed. R. Evid. 201(b)); *Bostic v. District of Columbia*, 906 A.2d 327, 332 (D.C. 2006).

III.    **MOTION TO DISMISS**

The Court grants defendants' motion to dismiss because TFUSA does not allege specific facts supporting a plausible inference that defendants engaged in any unfair trade practice in violation of the CPPA.

2

A.     The Rule 12(b)(6) standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Potomac Development Corp. v. District of Columbia*, 28 A.3d 531, 544 (D.C. 2011) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up). "To satisfy Rule 8(a), plaintiffs must nudge their claims across the line from conceivable to plausible." *Tingling-Clemons v. District of Columbia*, 133 A.3d 241, 246 (D.C. 2016) (cleaned up).

The Court should "draw all inferences from the factual allegations of the complaint in the plaintiff's favor." *Carlyle Investment Management, LLC v. Ace American Insurance Co.*, 131 A.3d 886, 894 (D.C. 2016) (cleaned up). "A complaint should not be dismissed because a court does not believe that a plaintiff will prevail on its claim; indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id.* (cleaned up). However, legal conclusions "are not entitled to the assumption of truth," *Potomac Development Corp.*, 28 A.3d at 544 (cleaned up), so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1128-29 (D.C. 2015) (cleaned up). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (cleaned up).

The Court considers "an alleged unfair trade practice in terms of how the practice would be viewed and understood by a reasonable consumer." *Saucier v. Countrywide Home Loans*, 64

3

A.3d 428, 442 (D.C. 2013) (cleaned up). "A consumer need not prove that she was 'mislead, deceived, or damaged' by a merchant's actions." *Frankeny v. District Hospital Partners*, 225 A.3d 999, 1004 (D.C. 2020) (quoting D.C. Code § 28-3904). "In rare situations, courts may resolve the issue at the motion-to-dismiss stage, where the pleading does not plausibly allege that a reasonable consumer would be deceived." *Newton v. Kraft Heinz Foods Co.*, 2018 U.S. Dist. LEXIS 241406 at *7-8 (E.D.N.Y. Dec. 18, 2018) (cleaned up).

**B.      Discussion**

TFUSA plausibly alleges that the product contains PFAS based on its fluorine testing. Indeed, defendants acknowledge that its powder contains PTFE and that PTFE is a form of PFAS. *See* Motion at 14 ("FDA specifically permits some forms of PFAS – fluoropolymers like PTFE – to be used in connection with production of food."). However, TFUSA acknowledges that "[t]he term PFAS refers to a large class of synthetic chemicals" and "includes over '4,000 highly fluorinated aliphatic compounds.'" Opp. at 1-2 (quoting FAC ¶ 34). For the reasons discussed in Part II above, the Court takes judicial notice of the fact that different PFAS have potential different health effects and that PTFE has not been found to be toxic or environmentally unsafe. In its amended complaint, TFUSA does not mention PTFE, much less allege that studies of PTFE indicate that it is harmful to humans (including in the quantities contained in defendants' product) or that PTFE is not sustainable.

In its opposition, TFUSA asserts in conclusory terms that PTFE "is neither sustainable nor safe, as reasonable consumers understand these terms." Opp. at 3. However, even putting aside the fact that this assertion does not appear in the complaint, such "mere conclusory statements do not suffice" to defeat a motion to dismiss. *See Sundberg*, 109 A.3d at 1129 (cleaned up). TFUSA does not cite any study or analysis concluding that PTFE is unsafe to

4

humans or unsustainable.  TFUSA also asserts that "the *production* of PTFE can entail the discharge of other unsafe and unsustainable PFAS chemicals."  Opp. at 7.  But TFUSA does not allege any specific facts relating to the production of PTFE, and it must nudge its claim across the line from conceivable to plausible.  *See Tingling-Clemons*, 133 A.3d at 246.  Likewise, the possibility that other PFAS chemicals may be found in defendants' products (*see* Opp. at 7-8) does not warrant denial of defendants' motion or entitle TFUSA to discovery.

TFUSA acknowledges that defendants list PTFE as an ingredient on the label of CoverGirl powder, and TFUSA does not allege that defendants have made any specific representations about the safety or sustainability of this particular product.  TFUSA is correct that "[w]hile *generally* an accurate statement would not mislead a reasonable consumer, there is still a possibility that a reasonable consumer would still find an accurate statement misleading."  Opp. at 6, quoting *National Consumers League v. Bimbo Bakeries USA*, 2015 D.C. Super. LEXIS 5, at *30 (D.C. Superior Ct. Apr. 2, 2015).  Although this possibility exists, TFUSA's allegation stops short of the line between possibility and plausibility of entitlement to relief.  *See Potomac Development Corp.*, 28 A.3d at 544.  TFUSA does not allege specific facts supporting a plausible inference that any reasonable consumer is likely to find defendants' accurate statements about this particular product misleading.  In the absence of a deceptive statement about the product, it is not plausible that a reasonable consumer would be misled by an accurate list of a product's ingredients.  *See Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 20 (N.D. Cal. 2020).[1]

---

[1] *See Floyd v. Bank of America Corp.*, 70 A.3d 246, 255 (D.C. 2013) (relying on cases interpreting California's Consumers Legal Remedies Act because it contains language similar to terms used in the CPPA).

5

Furthermore, the representations that TFUSA contends are misrepresentations cannot plausibly be characterized as more than commercial "puffery" on which no reasonable person would rely. *See generally Pearson v. Chung*, 961 A.2d 1067, 1076 (D.C. 2008). TFUSA identifies three sets of representations. First, defendants' website states, "Our products have an important role to play in building a sustainable future" and "[t]o respond to evolving social and environmental challenges, we intend to keep sustainability at the heart of product innovation." FAC ¶ 22. Second, defendants issued a report acknowledging that "our products have an environmental impact" and stating, among other things, that "Our ambition is to put sustainability at the heart of innovation" and "We want to change the way we design, formulate and manufacture, in order to minimize our environmental impacts and create more innovative, cleaner products." *Id.* ¶ 23. Third, defendants issued a press release stating that CoverGirl "continues to define what it means to be a responsible beauty brand," "COVERGIRL continues to make good-for-you makeup and skincare, prioritizing the health of our consumers and the planet," and "COVERGIRL continues to identify areas where we can reduce our environmental impact, continuing to lead the way as the original clean brand which our consumers are proud to stand behind." FAC ¶¶ 27-29.

These statements about defendants' philosophy and aspirations cannot plausibly be interpreted as a representation that none of their products contains any PFAS chemical or any ingredient in a large class that includes some chemicals which are unsafe or unsustainable. TFUSA alleges that "PFAS are a group of synthetic chemicals that can provide certain marketable benefits for cosmetic products, including 'hydrophobicity and film-forming ability, which are thought to increase product wear, durability, and spreadability'" and that they have properties that make them useful for repelling oil and water. FAC ¶¶ 2-3. TFUSA does not

6

allege facts making it implausible that an environmentally conscious and responsible company could reasonably conclude that the benefits of using PTFE in a cosmetic product outweigh any unproven and speculative risks.

TFUSA does not allege facts supporting a plausible inference that defendants made an actionable omission in their marketing materials. "Under § 28-3904(f), a plaintiff must show that an omission was material and had a tendency to mislead," and "an omission is material if a significant number of unsophisticated consumers would find that information important in determining a course of action." *Saucier*, 64 A.3d at 442 (cleaned up); *see Frankeny*, 225 A.3d at 1005 (defining materiality). TFUSA does not identify with reasonable specificity the additional information about PTFE that defendants had to include in marketing materials to avoid a material omission. TFUSA does not cite any authority for the proposition that defendants were obligated to disclose not only that their product contains PTFE but also that PTFE is one of thousands of PFAS chemicals and that research does not indicate that PTFE is unsafe or unsustainable but does indicate that other PFAS chemicals may be unsafe or unsustainable.

A separate and independent basis for dismissing the claims against Noxell is that all of the misleading statements alleged by TFUSA were made by Coty, and TFUSA does not respond to this argument. Accordingly, TFUSA does not state a misrepresentation claim under the CPPA against Noxell.

IV.   **CONCLUSION**

For these reasons, the Court orders that:

1. The defendants' motion for judicial notice is granted.

2. The defendants' motion to dismiss is granted.

7

3. The claims against defendants are dismissed.

                                                      *Anthony C. Epstein*
                                                      Anthony C. Epstein
                                                              Judge

Date: June 1, 2022

Copies via CaseFileXpress to all counsel